BurkET, J.
The sections of the Revised Statutes under which the auditor claims the authority to act in placing omitted property on the duplicate for taxation, are sections 2781 and 2782. The validity and scope of these two sections have been determined by this court in former decisions. Gager v. Prout, 48 Ohio St., 89; Ratterman v. Ingalls, 48 Ohio St., 468; State ex rel. v. Crites, 48 Ohio St., 142.
But the point is now made that as the auditor receives a fee of four per cent, under section 1071, Revised Statutes, that he is thereby disqualified from acting in the case. The fees of the auditor in Hamilton county are regulated by a statute applicable to Hamilton county alone, and are somewhat less than the other counties of the state, but the principle involved is the same.
The question is a very important one and has been differently decided by different courts in this state, but this is the first time that the question is made here.
We have carefully considered, not only the arguments presented by counsel in this case, but also the published opinions of the lower courts on the question, and we are clear .in the opinion that the fees provided for in section 1071, do not disqualify the auditor from performing his duties under said sections 2781 and 2782.
Whatever may be the rule elsewhere, it is clear that in this state the validity of an act passed by the legislature must be tested alone by the constitution, and that the *391 courts have no. right or power to nullify a statute upon the ground that it is against natural justice or public policy.
When the legislature is silent, the courts may declare the public policy, and mark out the lines of natural justice; but when the legislature has spoken, within the powers conferred by the constitution, its duly enacted statutes form the public policy, and prescribe the rights of the people, and such statutes must be enforced, and not nullified, by the judicial and executive departments of the state.
When the legislature, within the powers conferred by the constitution, has declared the public policy, and fixed the rights of the people by statute, the courts cannot declare a different policy or fix different rights. In this regard the legislature is supreme, and the presumption is that it will do no wrong, and will pass no unjust laws. The remedy, if any is needed, is with the people and not with the courts.
Section 2 of article XII of the constitution, requires the legislature to pass laws, taxing, by a uniform rule, all property in the state, except such as is therein exempted. This has been construed by this court to impose upon the legislature the dutjr of passing laws which will secure equality in the burden of taxation. The Exchange Bank of Columbus v. Hines, 3 Ohio St., 1.
The result to be attained by the laws to be passed under this section, is equal taxation, but the means by which that end shall be attained, is left to the judgment and sound discretion of the legislature acting within the powers conferred by the constitution.
To have equality in taxation, all property must be brought upon the duplicate. Some officer must be authorized and empowered to cause all property to be listed for taxation. Such officer must be paid for his services, either by fees or salary. The legislature has full power tinder the constitution to say what officer shall perform such duties, and in what manner he shall be paid.
It has enacted that such duties shall be performed by the auditor, and that he shall be paid as provided in section 1071. In the opinion of the legislature this is a proper means to attain, in part at least, equal taxation. It matters *392 not whether the auditor acts judicially or ministerially in the discharge of his duties. The legislature is free to employ such means, as in its opinion, shall be most effective, whether they be judicial or ministerial, or both.
The objection urged in argument that a man cannot be a judge in his own case is a fallacy. The auditor has no case to be judged, but on the contrary, he is the taxing officer before whom other parties are cited to appear and show cause why they should not bear their equal burden of taxation.
His actions in the premises are subject to review in the courts, and thereby due process of law is had. Sections 2781 and 2782 are not in conflict with any provision or inhibition of the constitution, but seem to be clearly authorized by section 2 of article XII of that instrument.
The auditor acts under oath, and good faith and an honest purpose in the discharge of his official duties are to be presumed.
A probate judge, acts judicially in the appointment of guardians and administrators, and receives a fee for each appointment, and yet such fee does not disqualify him from acting in the premises. A justice of the peace acts judicially, and is paid therefor by fees collected from litigants before him, and while his mind may be biased in particular cases, it cannot be claimed that he is thereby disqualified from discharging his judicial duties. A judge who is a large taxpayer in his county or city, is not thereby disqualified from sitting in judgment in cases against his county or city. And in such case a resident taxpayer in such county or city is not by reason thereof disqualified from sitting as a juror in the trial of such case. Commissioners of Clermont County v. Lytle, 3 Ohio, 290.
The rule insisted upon in the case by plaintiff, as to the interest of the auditor, would disqualify every member of this court from sitting as a judge in the decision of this case.
Almost every officer in this state is more or less, directly or indirectly, interested in the result of the duties by him performed, whether ministerial or judicial, but such inter *393 est does not disqualify him from performing his official duties, unless the legislature has by statute so provided.
The case of Gregory v. Railroad Co., 4 Ohio St., 675, cited and relied upon by counsel, fully sustains this view of the powers of the legislature, and the limitations of the powers of the judiciary. In that case the legislature by statute declared the policy of the state to be, that when a judge should be interested in the subject-matter of the case, he should not sit therein, and that the case should be transferred to an adjoining county for trial and decision. The two judges in that case disregarded that provision of the statute, and sat as judges in a case in which they had an interest, and ‘the judgment was reversed for the reason that the judges were disqualified by statute. The court say on page 679, that the judges should have refused to sit in the case, and should have made known their interest at the earliest moment, so that the case. might under the statute be transferred to an adjoining county. The case was reversed because the judges refused to follow the policy of the state as declared by the statute, and not because of some public policy invented by the court. In this case the auditor has obeyed the statute, and we are asked to reverse the judgment and adopt a policy different from that adopted by the legislature. This we can not do.
The action of the auditor is not final, so as to cut off further inquiry, but the whole case may be gone into anew by proper proceedings in court, as was done in this case, and therefore no great harm is likely to result to those who have not made a false return of their property.
We therefore hold that the auditor should be sustained in exercising the powers and performing the duties imposed by sections 2781 and 2782.
But this does not dispose of the case. For myself, I think that these stocks are expressly exempted from taxation by the act of April 8, 1856, taken in connection with the act of February 4, 1825, and that the act of 1856 is constitutional. But, as the court is divided upon this question, the point is left undecided.
*394 From the agreed statement of facts, it appears that these stocks were registered, and therefore could not be concealed; that such stocks had never been taxed by state authority, and that there was good reason for the belief that the stocks were not taxable; and therefore the court is unanimous in the opinion that the returns for taxation for the years 1881 to 1886, both inclusive, were not false returns, within the meaning of that term, as defined by this court in Ratterman v. Ingalls, 48 Ohio St., 468.
It therefore follows that the judgment of the Superior Court of Cincinnati in general term is erroneous, and that the judgment should be reversed, and judgment entered for' plaintiff as prayed for in his petition.

Judgment accordingly.